UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                    Chapter 11

ODYSSEY PROPERTIES III, LLC,                              Case No. 8:10-bk-

    Debtor.                                               *Emergency Relief Requested*
_____/                      *Without the Necessity of a Hearing*


**DEBTOR'S EMERGENCY MOTION FOR
ORDER DIRECTING JOINT ADMINISTRATION OF
<u>CHAPTER 11 CASES PURSUANT TO BANKRUPTCY RULE 1015(b)</u> [1]**

ODYSSEY PROPERTIES III, LLC ("**OP III**" or the "**Debtor**"), by and through its undersigned attorneys, hereby files its Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure, and requests that this Court enter an order directing the joint administration of the above-captioned Chapter 11 case with: PARADISE SHOPPES AT APOLLO BEACH, LLC; GPP - COBB, LLC; CENTURY/AG - AVONDALE, LLC; ODYSSEY (III) DP XI, LLC; CENTURY (III) DP III, LLC; ODYSSEY (III) DP XVII, LLC; CRF – PANTHER IX, LLC; WALDEN WOODS III, LTD; and ODYSSEY (III) DP III, LLC (the " **Related Debtors"**).

---

[1] A companion Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure has been simultaneously filed in the related Chapter 11 cases which are pending before this Court.

**Jurisdiction and Venue**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§157 and 1334. The subject matter of this Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§1408 and 1409.

2. The statutory predicate for the relief requested herein is Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

**Background**

3. On August 2, 2010 (the "**Petition Date**"), the Debtor, along with the Related Debtors (collectively, the "**Debtors**"), filed a Voluntary Petition for Relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**").

4. Each of the Debtors continues to operate its business and manage its property as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

5. No trustee or examiner has been appointed in these cases and no official committees have yet been appointed pursuant to §1102 of the Bankruptcy Code.

6. The Debtors are engaged in the business of developing, owning, and operating commercial properties, including anchored and unanchored retail centers, office buildings, flex and warehouse space, and self-storage centers, primarily in central Florida. They are affiliates of Century Realty Funds, Inc., which is part of the Century Realty Funds Group (the "**CRF Group**") of privately held companies. The CRF Group has been in business since the 1970s and owns and manages commercial retail centers and office buildings, self-storage facilities, over 1,000 residential apartment units, over

7,500 manufactured home and recreational vehicle spaces, and 18 skilled health care facilities consisting of over 1,500 beds.

7. One facet of the CRF Group's operations is a group of entities doing business under the umbrella of the "Odyssey" name – denominated, for example, "Odyssey Operating Partnership, Ltd.", "Odyssey Operating Partnership II, Ltd.", "Odyssey Residential, Inc.," and so forth. The first of the Odyssey entities began doing business in 2005. These Odyssey entities engaged in the commercial real estate business collectively own and operate approximately sixty-two projects[2] (each, including the property owned by Walden Woods, III, is sometimes referred to herein as a "**Project**"). Each Project is owned by a separate, special purpose limited liability company or partnership. Each Project is encumbered by first mortgage secured debt.

8. For a more detailed description of the Debtors' businesses, as well as the reasons for the bankruptcy filing, please see the description contained in the Debtors' Emergency Motion for Entry of Interim and Final Orders Authorizing Use of Cash Collateral and Granting Replacement Liens Pursuant to Sections 105(a), 361, 363, 541 and 552 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure and Debtors' Emergency Motion for Authority to Obtain Postpetition Financing and Grant Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant To 11 U.S.C. §§ 364(c) and (d) and F.R.B.P. 4001.

---

[2] With the exception of Walden Woods III, Ltd, the Debtors are "Odyssey entities." Walden Woods III, Ltd. is part of the CRF Group.

3

9. The ownership structure of the Debtors is as follows:

| Project | Entity that Owns the Real Property: | Ownership of the Entity that Owns the Real Property: |
|---|---|---|
| Walden Woods | Walden Woods III, Ltd. | 1% = Century Properties, LLC (GP); 49% = Nobility Parks I, LLC; 33% = T&A Family Partnership, Ltd.; 17% = J&M Maxwell Family Partnership, Ltd. |
| Century Shoppes of Apollo Beach | Paradise Shoppes at Apollo Beach, LLC | Odyssey DP II, LLC (which is owned 100% by Odyssey Operating Partnership, Ltd.) |
| Alexander Crossings | Odyssey (III) DP XI, LLC | 100%=Odyssey Properties III, LLC |
| Golfview Self Storage | 50% = Century (III) DP III, LLC and 50% = Odyssey (III) DP III, LLC | Odyssey Properties III, LLC owns 100% of Odyssey (III) DP III, LLC and 100% of Century (III) DP III, LLC |
| Holly Hills/St. Charles | Odyssey (III) DP XVII, LLC | 100% = Odyssey Properties III, LLC |
| Century Town Center | CRF-Panther IX, LLC | 73% = Odyssey Diversified VII, LLC; 27% = Greenbrier Mobiles, Ltd. |
| Avondale | Century/AG - Avondale, LLC | 35% = Odyssey Properties III, LLC; 35% = Odyssey Diversified VI, LLC; 30% = Odyssey Diversified VII, LLC |
| Century Shoppes of Grove Park | GPP - Cobb, LLC | 70% = Odyssey (VIII) DP II, LLC; 30% = Grove Park Plaza, LLC |
| Odyssey Properties III, LLC | N/A | 100% = OP III, LLC |

10. No previous application for the relief sought herein has been made by the Debtors to this Court or any other court.

**Relief Requested and Grounds for Relief**

11. By this Motion, the Debtors request the entry of an order pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the cases of the Related Debtors.

12. Rule 1015(b) of the Federal Rules of Bankruptcy Procedure provides, in pertinent part:

> (b) **Cases involving two or more related debtors**. If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates.

Section 101(2) of the Bankruptcy Code defines "affiliate" as:

> (A) [an] entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor...
>
> (B) [a] corporation 20 percent or more of whose outstanding voting securities are directly or indirectly owned, controlled, or held with power to vote, by the debtor, or by an entity that directly or indirectly owns, controls, or holds with power to vote, 20 percent or more of the outstanding voting securities of the debtor....

13. As further set forth in the above chart, many of the Debtors are affiliates within the meaning of Section 101(2) of the Bankruptcy Code and Rule 1015(b) of the Federal Rules of Bankruptcy Procedure because Odyssey Properties III, LLC owns more than twenty percent of the issued and outstanding common stock or membership interests in certain of the Debtors. Moreover, as further discussed above, all of the Debtors are related entities. As discussed herein, joint administration is appropriate for these cases.

14. The Debtors submit that unnecessary and expensive duplication can be avoided by jointly administering the Debtors' Chapter 11 cases pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure for the following reasons:

    a. To expedite the administration of their Chapter 11 cases, the Debtors will be filing other "first day" pleadings affecting all of the Debtors. Absent joint administration, the Debtors will need to immediately file several other motions regarding operational issues and several accompanying notices, orders, and other pleadings. Joint administration will avoid the unnecessary and expensive duplication of effort caused by preparing, filing, and serving the same pleadings with different captions, thereby saving the Debtors considerable time and expense, as well as conserving judicial and court resources in scheduling and maintaining the separate pleadings.

    b. Joint administration will avoid unnecessary and expensive duplication of efforts caused by serving multiple sets of differently captioned but otherwise identical pleadings during these cases. By jointly administering the estates, creditors will receive notice of all proceedings involving the Debtors, thereby ensuring that they are fully informed of all matters potentially affecting their claims. Joint administration will also simplify the Office of the United States Trustee's supervision of all aspects of these cases.

    c. Joint administration may avoid or reduce expenses associated with multiple separate Section 341(a) meetings of creditors and may permit the Debtors' management to appear at one joint meeting of creditors.

According to the notes of the Advisory Committee on the Bankruptcy Rules, joint administration may include combining the Debtors' estates by using a single docket for the matters occurring in the administration, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters "that may aid in expediting the cases and rendering the process less costly." Furthermore, it will advance the Court's interest in economy by eliminating the need for duplicate orders and files and will simplify the United States Trustee's supervision of the administration of the

Debtors' Chapter 11 cases.  In addition, it would be an unnecessary burden on this Court and the Clerk's Office to maintain separate dockets for each Debtor.

15. The Debtors request that all pleadings in the Chapter 11 cases bear the following joint administration caption:

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:                                                      Chapter 11

ODYSSEY PROPERTIES III,
LLC, et, al.,                                               Case No. 8:10-bk-_____

                                                            Jointly Administered

      Debtors.
_____/

The Debtors further request that all pleadings in the Debtors' Chapter 11 cases be filed and maintained under Odyssey Properties III, LLC's case number.

16. The Debtors' respective creditors will not be adversely affected by the joint administration of these cases, since joint administration of these cases is for procedural purposes only and will not effect a substantive consolidation of the Debtors' estates. In fact, the rights of all creditors will be enhanced by the reduced costs that will result from the joint administration of these cases.  Moreover, each creditor may still file its claim against a particular estate.

17. The Debtors do not believe that any of the relief herein requested would create a conflict of interest between creditors of the several estates.

**Notice**

18. Notice of this Motion has been given by electronic transmission to the Office of the United States Trustee for the Middle District of Florida, and by United States first class mail to the twenty largest creditors. The Debtors submit that, given the administrative nature of the relief requested herein, no other or further notice need be given.

**Basis for Emergency Relief**

19. If these cases are not jointly administered from the outset, the unnecessary and expensive duplication will be burdensome and oppressive to the Debtors, their creditors, counsel, and the Court. Certainly, the relief sought would be of considerably greater value if granted immediately.

20. The Debtors will file shortly various motions requesting emergency relief (the "**First Day Motions**") including (i) a motion to extend the utility stay; (ii) motion to use cash collateral; (iii) an application to employ Stichter, Riedel, Blain, and Prosser, P.A. as bankruptcy counsel; (iv) a motion to obtain debtor-in-possession financing; (v) a motion to approve management agreements; and (vi) a motion to employ Bill Maloney as chief restructuring officer. The Debtor requests authority to file the First Day Motions under the style identified in this Motion for the jointly administered cases, and to file the First Day Motions in the lead case only.

WHEREFORE, the Debtor respectfully requests entry of an order granting this Motion, directing for procedural purposes only the joint administration of the above-captioned Chapter 11 case with the cases of the Related Debtors, and providing for such other and further relief as is just and proper.

Dated: August 2, 2010

*/s/ Edward J. Peterson*
Harley E. Riedel
Florida Bar No. 183628
Edward J. Peterson, III
Florida Bar No. 0014612
B. Michael Bachman, Jr.
Florida Bar No. 0014139
Stichter Riedel Blain & Prosser, P.A.
110 East Madison Street, Suite 200
Tampa, Florida  33602
(813) 229-0144 – Phone
(813) 229-1811 – Fax
hriedel@srbp.com
epeterson@srbp.com
mbachman@srbp.com
Attorneys for Debtor

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that true and correct copies of the foregoing *Motion for Order Directing Joint Administration of Chapter 11 Cases Pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure* has been furnished on this 2nd day of August, 2010, by either the Court's CM/ECF electronic mail system or by U.S. MAIL to:

Office of the U.S. Trustee
Twenty Largest Unsecured Creditors

                                              */s/ Edward J. Peterson*
                                              Edward J. Peterson