UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

In re:

ODYSSEY PROPERTIES III,
LLC, et al.,

　　　　　Debtors.
_____/

Chapter 11

Case No. 8:10-bk-18713-CPM

Jointly Administered

**INTERIM ORDER GRANTING DEBTORS' EMERGENCY MOTION FOR
AUTHORITY TO OBTAIN POSTPETITION FINANCING AND GRANT SENIOR
LIENS, SUPERPRIORITY ADMINISTRATIVE EXPENSE STATUS AND ADEQUATE
PROTECTION PURSUANT TO 11 U.S.C. §§ 364(c) AND (d) AND F.R.B.P. 4001**

THIS CASE came on for hearing on August 10, 2010, at 10:30 a.m. (the "**Interim Hearing**"), upon the Debtors' Emergency Motion for Authority to Obtain Postpetition Financing and Grant Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant to 11 U.S.C. §§ 364(c) and (d) and F.R.B.P. 4001 dated August 3, 2010 [Doc. No. 14] (the "**Motion**"),[1] filed by Odyssey Properties III, LLC, Odyssey (III) DP XI, LLC, Odyssey (III) DP XVII, LLC, Century (III) DP III, LLC, Odyssey (III) DP III, LLC, Century/AG – Avondale, LLC, Paradise Shoppes at Apollo Beach, LLC, CRF-Panther IX, LLC, GPP – Cobb, LLC, and Walden Woods III, Ltd., as

---

[1] Unless otherwise indicated, capitalized terms used herein shall have the meaning ascribed to such terms in the Motion.

debtors and debtors in possession (hereinafter referred to as the "**Debtors**"), for the entry of an order:

(i) authorizing the Debtors to borrow on a partially secured basis from OC DIP, LLC (the "**DIP Lender**") the principal amount of up to $2,900,000.00 (the "**DIP Facility**"), including $50,000.00 under Facility A on an interim basis, substantially in accordance with the terms of the Motion and the Term Sheet attached to the Motion as <u>Exhibit A</u> (the "**Term Sheet**");

(ii) authorizing the Debtors to execute a promissory note and security agreement in favor of the DIP Lender consistent with the provisions of the Motion and the Term Sheet (the "**DIP Loan Documents**"), and such other documents, instruments and agreements and perform all such other acts as may be required in connection with the DIP Loan Documents;

(iii) authorizing the Debtors, under Section 364 of the Bankruptcy Code, to obtain postpetition financing and incur postpetition indebtedness under the DIP Facility, a portion of which financing and indebtedness due and owing by the Debtors to the DIP Lender shall be secured by liens on and security interests in certain Tenant Improvements constructed utilizing funds advanced under Facility B in connection with the Funded Leases, pursuant to Sections 364(c)(2) and 364(d)(1) of the Bankruptcy Code, which liens and security interests shall be senior to all prepetition and postpetition liens on said Tenant Improvements;

(iv) authorizing the Debtors to grant to the DIP Lender, in accordance with Section 364(c)(1) of the Bankruptcy Code, a superpriority administrative expense claim

having priority over any and all administrative expenses of and priority claims against the Debtors, subject only to the Carve-Out, as further described in the Motion;

(v) modifying and, to the extent necessary, lifting the automatic stay imposed by Section 362 of the Bankruptcy Code to the extent necessary to permit the DIP Lender and the Debtors to implement the terms of the Motion; and

(vi) in accordance with Bankruptcy Rule 4001(c)(2), requesting that this Court schedule the Final Hearing (as hereinafter defined) and approve notice with respect thereto.

The Court having considered the Motion, together with the Term Sheet and the interim budget (as modified and attached as Exhibit A to the Order Approving Interim Use of Cash Collateral, the "**Interim Budget**"), which were attached as Exhibits to the Motion and finding, in accordance with Bankruptcy Rules 4001(c)(1) and (2), that due and proper notice of the Motion was given under the circumstances; having considered BB&T's Objection to Debtors' Emergency Motion for Authority to Obtain Postpetition Financing and Grant Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant to 11 U.S.C. 364(c) and (d) and F.R.B.P. 4001 [Doc. No. 34] ("**BB&T's Objection**"), the Preliminary Objection by Wells Fargo Bank, N.A. to Debtors' Emergency Motion for Authority to Obtain Post-Petition Financing and Grant Senior Liens, Superpriority Administrative Expense Status and Adequate Protection Pursuant to 11 U.S.C. 364(c) and (d) and F.R.B.P. 4001 [Doc. No. 35] ("**Wells' Objection**"), and all of the pleadings filed with the Court and all of the proceedings held before the Court; and after due deliberation and consideration of all matters, including the

argument of counsel at the Interim Hearing, and good and sufficient cause appearing therefore, and being advised that Wells Fargo Bank, National Association and Branch Banking & Trust Company consent to the relief provided herein, it is hereby **ORDERED**:

1. The Motion is granted on an interim basis strictly to the extent set forth herein below and on the terms contained herein.

2. BB&T's Objection is denied as moot, on an interim basis, as the Debtors are not currently seeking approval under this Interim Order for financing to fund the "Legal and Professional" line item in the Interim Budget. The Debtors shall not be authorized to pay such amounts until further order of the Court.

3. Wells' Objection is denied as moot, on an interim basis, as the Debtors are not currently seeking approval under this Interim Order for financing for the Tenant Improvements under Facility B.

4. To avoid immediate and irreparable harm to the Debtors' estates until the Final Hearing (as defined below) is held, the Debtors are expressly authorized and empowered to borrow up to $50,000 (the "**Initial Funding**"), under Facility A only, of the total $2,900,000 agreed to be advanced from the DIP Lender and perform all of their obligations pursuant to the provisions of this Interim Order, as set forth in the Interim Budget.

5. The Loan will bear interest at 0% per annum.

6. The Motion is set for a final hearing on **August 26, 2010, at 4:00 p.m.** (the "**Final Hearing**"), in this Court. This Interim Order shall constitute adequate

and sufficient notice of the Final Hearing.

7. Subject to the terms of this Interim Order, the Debtors are authorized and directed to take and effect all actions, and to execute and deliver all agreements, instruments and documents, required or necessary for their performance under this Interim Order, including, without limitation, the execution and delivery of a promissory note and security agreement.

8. The Court makes no determination at this time as to the extent, priority, or validity of any security interest held by or the obligations owed to the Lenders prior to the Petition Date, and the Debtors, the Lenders and other parties in interest in these cases reserve all rights, defenses and claims with respect to the foregoing. Notwithstanding anything to the contrary contained in this Interim Order or any other order entered in these cases, neither the Debtors nor any other party in interest shall be deemed to have waived any right to challenge the extent, validity or priority of the liens of the Lenders.

9. The Court makes no determination at this time as to the propriety or enforceability of any provisions in the Term Sheet that purport to accelerate the amounts owed under the DIP Facility as a result of lawsuits initiated or continued by the Lenders against the Guarantors. This issue is deferred until the Final Hearing.

10. The Initial Funding shall constitute, in accordance with Section 364(c)(1) of the Bankruptcy Code, against each of the applicable Debtors that receive all or a portion of the Initial Funding in their Chapter 11 cases, claims which are administrative expense claims having the highest administrative priority over any and all

administrative expenses, whenever arising, of the kind specified in any provision of the Bankruptcy Code, including but not limited to, Sections 105, 326, 328, 330, 331, 503(a), 503(b), 506(c), 507(a), 507(b), 546(c), 726 or 1114 of the Bankruptcy Code.  No other claim having a priority superior to or pari passu with that granted by this Interim Order to the DIP Lender shall be granted in respect of the Lenders while any portion of the Initial Funding remains outstanding.

11. The Debtors may use the proceeds of the loans and advances made pursuant to the Term Sheet only for the purposes specifically set forth in the Interim Budget and this Interim Order.  Notwithstanding anything to the contrary contained in this Interim Order or the Term Sheet, the Debtors shall be authorized to continue the use of cash collateral in accordance with the terms and conditions of the interim cash collateral order, as approved by the Court at the Interim Hearing.

12. Pending the Final Hearing, the DIP Lender shall not be authorized (i) to make demand for payment of the outstanding amounts of the Initial Funding upon an event of default as provided in the Term Sheet or this Interim Order; or (ii) to exercise any rights or remedies in respect of such event of default.

13. Notwithstanding the occurrence of an event of default under the Term Sheet or anything herein, all of the rights, remedies, benefits and protections provided to the DIP Lender under this Interim Order and the Term Sheet shall survive the termination of any obligation of the DIP Lender to make loans and advances under the Term Sheet.

14. The provisions of this Interim Order shall be binding upon and

inure to the benefit of the DIP Lender, the Debtors, and their respective successors and assigns.  This Interim Order shall bind any trustee hereafter appointed or elected for the estates of the Debtors, whether in these Chapter 11 cases or in the event of the conversion of the Chapter 11 cases to cases under Chapter 7 of the Bankruptcy Code.  Such binding effect is an integral part of this Interim Order.

15. No failure or delay on the part of the DIP Lender in exercising any right, power or privilege provided for in this Interim Order or the Term Sheet shall operate as a waiver thereof.  This Interim Order shall not be construed in any way as a waiver or relinquishment of any right that the DIP Lender may have to bring or be heard on any matter brought before this Court.

16. If any or all of the provisions of this Interim Order or the Term Sheet are hereafter modified, vacated, amended or stayed by subsequent order of this Court or any other court, such modification, vacatur, amendment or stay shall not affect the validity of any obligation to the DIP Lender that is or was incurred prior to the effective date of such modification, vacatur, amendment or stay, and notwithstanding any such modification, vacatur, amendment or stay, any obligations of the Debtors pursuant to this Interim Order or the Term Sheet arising prior to the effective date of such modification, vacatur, amendment or stay shall be governed in all respects by the original provisions of this Interim Order and the Term Sheet.

17. This Interim Order constitutes findings of fact and conclusions of law and takes effect and becomes enforceable immediately upon execution hereof.  To the extent any of the terms of the Term Sheet are inconsistent or conflict with this Interim

Order, the terms of this Interim Order shall control.

N.B.: BNC serves orders.

CPM

~~18.   Counsel for the Debtors is directed to serve a copy of this Interim Order on the Prepetition Lenders and all parties on the Local Rule 1007(d) Parties in Interest List for these cases within one (1) business day after the entry of this Interim Order and to thereafter file a certificate of service with the Clerk of the Court.~~

19.   The Court defers until the Final Hearing a ruling on the approval of: (i) the remainder of the requested borrowing under Facility A, subsequent to and apart from the Initial Funding and (ii) the requested borrowing under Facility B. The rights, claims, and defenses of all parties with respect to the Debtors' requests to borrow under both the unfunded portion of Facility A and Facility B, as well as any other relief requested in the Motion, are hereby preserved.

**DONE** and **ORDERED** at Tampa, Florida on October 5, 2010.

*Catherine M. McEwen*

CATHERINE PEEK McEWEN
United States Bankruptcy Judge

c:   Local Rule 1007(d) Local Parties in Interest List (via BNC)